**ALD-244**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2549
_____

AUDREY CARTER,
                                                              Appellant

v.

ALL DISTRICT FEDERAL JUDGES, U.S.A.; PRESIDENT OBAMA;
GEORGE BUSH; JUDGE FREDA WOLFSON; JUDGE AMBRO;
JUDGE CHAGARES; JUDGE GREENBERG; DEPARTMENT OF JUSTICE;
SUPREME COURT; STATE OF NEW JERSEY; STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:11-cv-02198)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 17, 2011)

_____

OPINION
_____

PER CURIAM

        Audrey Carter, proceeding pro se, appeals from the District Court's May 4, 2011

order dismissing her complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

For the reasons that follow, we will summarily affirm.

## I.

Carter is a frequent filer of pro se actions in federal court. In April 2011, she initiated this case by filing a pro se complaint in the District Court against the following defendants: "All District Federal Judges U.S.A.," President Barack Obama, "George Bush," District Court Judge Freda Wolfson, Judges Ambro, Chagares, and Greenberg from this Court, the Department of Justice, "Supreme Court," the State of New Jersey, and the Commonwealth of Pennsylvania. In her complaint and accompanying amended brief, Carter took issue with judges' handling of, and decisions made in, her previous cases. She sought, inter alia, 998 million dollars in damages, plus interest, the reopening of all of her cases, and the prosecution of "all Judges, lawyers, [and] Prosecutors."

On May 4, 2011, the District Court, acting sua sponte, dismissed the complaint with prejudice pursuant to § 1915(e)(2)(B).[2] The court concluded that Carter's claims

---

[1] Section 1915(e)(2)(B) requires a court to dismiss a case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from that relief.

[2] The presiding District Court Judge, the Honorable Jerome B. Simandle, recognized that, since Carter's complaint had named "All District Federal Judges U.S.A." as defendants, he himself was "nominally included" as a defendant. Judge Simandle concluded, however, that he need not recuse himself. In support of this conclusion, Judge Simandle cited the "rule of necessity," and emphasized that he had "never handled Ms. Carter's [prior] cases" and had "no personal knowledge of the facts of her case." Carter does not appear to challenge this ruling. In fact, her filing construed as a notice of appeal states that "[t]his civil matter is only against the judges which heard my cases and ruled illegal." In any

2

failed because, inter alia, the defendants were immune from suit, and that amendment of her complaint would be futile.  This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Carter's complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  For substantially the reasons set forth in the District Court's opinion, we agree with the court's decision to dismiss Carter's complaint pursuant to § 1915(e)(2)(B).  Contrary to Carter's argument in her document construed as a notice of appeal, she has not shown that either of the narrow exceptions to the doctrine of judicial immunity applies here.  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (explaining that the doctrine of judicial immunity applies unless (1) the challenged action is non-judicial in nature, or (2) the challenged action, "though judicial in nature, [was] taken in the complete absence of all jurisdiction").

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.  Carter's motion for appointment of counsel is denied.

---

event, there is no indication that Judge Simandle erred in deciding to hear this case.  Cf. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (holding that, where "plaintiffs have indiscriminately named all, except one, of the current judges of this circuit regardless of their involvement in any of their appeals," the rule of necessity "allows at least those judges on this Court who have not been involved in plaintiffs' prior appeals to hear this appeal").

3